UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| JUANITA RODRIGUEZ | § | |
| | § | |
| V. | § | |
| | § | Civil Action No.  15-55 |
| ACE EUROPEAN GROUP LIMITED, | § | |
| TAPCO UNDERWRITERS, INC., | § | |
| VERICLAIM, INC., JIMMY LINDSEY, | § | |
| AND JENNIFER S. HALACHEFF | § | |

### DEFENDANT ACE EUROPEAN GROUP LIMITED'S NOTICE OF REMOVAL

Defendant, ACE European Group Limited, ("Underwriters"), gives notice of removal of this civil action from the 391st Judicial District Court, Tom Green County, Texas, to this Court:

1.     Underwriters were served with process on July 24, 2015.  Therefore, this Notice for Removal is timely filed under 28 U.S.C. §1446(b) within 30 days after the receipt by Underwriters of the first notice of the Plaintiff's Original Petition.  TAPCO Underwriters, Inc. and Vericlaim, Inc. were served July 24, 2015, Jimmy Lindsey was served on July 25, 2015. The other Defendant, Jennifer S. Halacheff, has not yet been served.

2.     This action is one of a civil nature for damages caused by alleged wrongful acts of Defendants in the investigation and payment of losses in Tom Green County, Texas under a policy of insurance.

3.     Plaintiff, Juanita Rodriguez, is a citizen of Texas and resides in Tom Green County, Texas.

4.     Underwriters are all foreign citizens.  Specifically, ACE European Group Limited holds 100% of the risk and has no Names residing in Texas.  Defendant Lindsey is a citizen of Texas, and has been improperly jointed in an attempt to defeat diversity.  The remaining Defendants to this lawsuit are not citizens of Texas.

5.      There is complete diversity of citizenship between Plaintiff and Underwriters and all other Defendants except Lindsey, and Underwriters removed this case to federal court because Defendant Lindsey, is an improperly joined, non-diverse party against whom Plaintiff has no possibility of recovering.

6.      The matter in controversy exceeds, exclusive of interest and costs, the sum or value of $75,000, giving rise to original federal court jurisdiction pursuant to 28 U.S.C. §1332. Specifically, paragraph 8 of Plaintiffs' Original Petition states "Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000."

7.      Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the suit has been pending is located in this district.

8.      The doctrine of improper joinder is well recognized in the Fifth Circuit, and the diverse party can remove the case to federal court when there is no possibility of recovery by the plaintiff against the non-diverse, improperly joined defendant.  *E.g, Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995).  This "depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery."  *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

9.      "Threadbare" allegations (those that offer nothing "upon which to draw a reasonable inference" that a plaintiff is entitled to relief from the non-diverse defendant) are "woefully inadequate" for the court to predict that recovery might be possible against a non-diverse defendant on the claims asserted.  *Bart Turner & Associates v. Krenke*, 3:13-CV-2921-L, 2014 WL 1315896 (N.D. Tex. Mar. 31, 2014).

10.     Plaintiffs' Original Petition fails to state a claim against Defendant Lindsey for his work as the adjuster on the property claim made the basis of the suit.  There are no claims against

Lindsey himself independent of the claims against other Defendants.  This alone demonstrates that the Petition's allegations are threadbare, conclusory, boilerplate, offer no specificity as to the true conduct of non-diverse Defendant Lindsey, and lack the requisite "factual fit" against any of the causes of action pled against him.  No possibility exists that Plaintiffs can establish a cause of action against Lindsey, and he was improperly joined solely for the purpose of defeating diversity jurisdiction.  *See generally Messersmith v. Nationwide Mut. Fire Ins. Co.,* 3:13-CV-4101-P, 2014 WL 1347872 (N.D. Tex. April 7, 2014); *Dalton v. State Farm Lloyd's Inc., et al,* No. H-12-3004, 2013 WL 3157532, at \*6 (S.D. Tex. June 19, 2013)*; see also Ghoman v. New Hampshire Ins. Co.*, 3-01-CV-0092-BD(L), 2001 WL 376460 (N.D. Tex. Apr. 11, 2001) (regarding a wind/hail claim in which the court determined the insurer's agent was improperly joined because the petition lacked details supporting the general allegations that the agent misrepresented terms or benefits of the policy as alleged).

11.     The United States District Court has original jurisdiction under 28 U.S.C. §1332. This action is removable under 28 U.S.C. §1441(a) and (b).

12.     Underwriters will promptly file a copy of this Notice of Removal with the clerk of the state court where the suit has been pending.

14.     Pursuant to Local Rule 81.1, the following documents are attached hereto:

    A.     Civil Cover Sheet;

    B.     Supplemental Civil Cover Sheet;

    C.     Docket sheet from state court action;

    D.     Plaintiff's Original Petition, filed on July 7, 2015;

    E.     Citation served on Defendant TAPCO Underwriters, Inc., filed on July 27, 2015;

    F.     Citation served on Defendant Vericlaim, Inc., filed on July 27, 2015;

    G.     Citation served on Defendant Jimmy Lindsey, filed on July 27, 2015;

H. Defendant Certain Underwriters at Lloyd's, London, Subscribing to Policy No. TAGDW013248'S Original Answer to Plaintiff's Original Petition, filed on August 17, 2015;

I. Defendant TAPCO Underwriters, Inc.'s Original Answer to Plaintiff's Original Petition, filed on August 17, 2015;

J. Defendant Vericlaim, Inc.'s Original Answer to Plaintiff's Original Petition, filed on August 17, 2015;

K. Defendant Jimmy Lindsey's Original Answer to Plaintiff's Original Petition, filed on August 17, 2015;

L. Defendant Jennifer Halacheff's Original Answer to Plaintiff's Original Petition, filed on August 17, 2015;

M. Index of Matters being Filed;

N. List of Attorneys of Record; and

O. Defendant's Disclosure Statement Under Rule 7.1(a).

Defendant, Certain Underwriters at Lloyd's, London, subscribing to Policy No. GGA1001013, requests that the above-described action now pending in the 125th Judicial District Court of Harris County, Texas be removed to this Honorable Court.

Respectfully submitted,

BY: */s/ Marjorie C. Nicol*
Marjorie C. Nicol
State Bar No.: 00784684
SD No.: 18400
mcn@preisplc.com
24 Greenway Plaza, Suite 2050
Houston, Texas 77046
Telephone: (713) 355-6062
Facsimile: (713) 572-9129

**ATTORNEY IN CHARGE FOR DEFENDANT ACE EUROPEAN GROUP LIMITED**

OF COUNSEL:

**PREIS, PLC**
William W. Fitzgerald
SBOT: 24038898
SD No.: 570992
wwf@preisplc.com
24 Greenway Plaza, Suite 2050
Houston, Texas 77046
Telephone: (713) 355-6062
Facsimile: (713) 572-9129

## CERTIFICATE OF SERVICE

In compliance with Rule 5 of the Federal Rules of Civil Procedure, I certify that on this the 21st day of August 2015, a true and correct copy of the above and foregoing document was served on all known counsel of record via electronic service:

Mr. Michael R. Ramsey
THE MOSTYN LAW FIRM
6280 Delaware Street
Beaumont, Texas 77706

 */s/ Marjorie C. Nicol*
Marjorie C. Nicol