Filed for Record
7/7/2015 4:39:37 PM
Sheri Woodfin, District Clerk
Tom Green County, Texas

CAUSE NO. A150287C

| | | |
|---|---|---|
| JUANITA RODRIGUEZ, | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | TOM GREEN COUNTY, TEXAS |
| | § | |
| ACE EUROPEAN GROUP LIMITED, | § | |
| TAPCO UNDERWRITERS, INC., | § | |
| VERICLAIM, INC., JIMMY | § | |
| LINDSEY, AND JENNIFER S. | § | |
| HALACHEFF, | § | |
| *Defendants.* | § | 391st JUDICIAL DISTRICT |

---

## PLAINTIFF'S ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Juanita Rodriguez ("Plaintiff"), and files this *Plaintiff's Original Petition*, complaining of ACE European Group Limited ("ACE"), TAPCO Underwriters, Inc. ("TAPCO"), VeriClaim, Inc. ("VeriClaim"), Jimmy Lindsey ("Lindsey"), and Jennifer S. Halacheff ("Halacheff") (to whom will be collectively referred as "Defendants"), and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.    Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.  This case involves complex issues and will require extensive discovery.  Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES

2.    Plaintiff Juanita Rodriguez is an individual residing in Tom Green County, Texas.

3.      Defendant Ace is an alien insurance company incorporated in and/or having its principal place of business in London, England.  At all times material to this action, Ace has engaged in the business of insurance in the State of Texas, as more particularly described below.  Ace does not maintain a place of regular business in Texas and has no designated agent in Texas on whom service of citation may be made in this cause.  The causes of action arise out of this defendant's business activities in Texas.  Accordingly, this defendant may be cited by serving the Texas State Insurance Commissioner, by certified mail, return receipt requested, at P.O. Box 149104, Austin, Texas 78714-9104.  The Commissioner may forward citation and the petition to this defendant at its mailing address:  Ace European Group Limited, c/o EDWARDS, ANGELL, PALMER & DODGE, LLP, 750 Lexington Ave., New York, New York 10022.

4.      Defendant TAPCO is a foreign adjusting company engaged in the business of adjusting insurance claims in the State of Texas.  This defendant may be served with personal process, by a process server, by serving its Registered Agent:  CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 78701.

5.      Defendant VeriClaim is a foreign adjusting company engaged in the business of adjusting insurance claims in the State of Texas.  This defendant may be served with personal process, by a process server, by serving its Registered Agent:  The Prentice-Hall Corporation System, 211 East 7th Street, Suite 620, Austin, Texas 78701.

6.      Defendant Jimmy Lindsey is an individual residing in and domiciled in the State of Texas.  This defendant may be served with personal process by a process server at his place of residence at 9002 S. County Rd. 1310, Odessa, Texas 79766.

7.  Defendant Jennifer S. Halacheff is an individual residing in and domiciled in the State of North Carolina.  This defendant may be served with personal process by a process server at her place of residence at 3319 Misty Hollow Ct., Graham, North Carolina 27253.

## JURISDICTION

8.  The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.  Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000.  Plaintiff reserves the right to amend her petition during and/or after the discovery process.

9.  The Court has jurisdiction over Defendant ACE because this defendant is a alien insurance company that engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

10. The Court has jurisdiction over Defendant TAPCO because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

11. The Court has jurisdiction over Defendant VeriClaim because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

12. The Court has jurisdiction over Defendant Lindsey because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

13. The Court has jurisdiction over Defendant Halacheff because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of

action arise out of this defendant's business activities in the State of Texas.

## VENUE

14.    Venue is proper in Tom Green County, Texas, because the insured properties are situated in Tom Green County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

15.    Plaintiff is the owner of a Texas Dwelling Insurance Policy (hereinafter referred to as "the Policy"), which was issued by ACE.

16.    Plaintiff owns the insured properties, which are specifically located at (1) 9590 State Hwy. 208, Robert Lee, Texas 76945; (2) 219 W. 9th St., San Angelo, Texas 76903; and (3) 217 W. 13th St., San Angelo, Texas 76903, in Tom Green County (hereinafter collectively referred to as "the Properties").

17.    ACE sold the Policy insuring the Properties to Plaintiff.

18.    On or about June 11, 2014 (incorrectly listed in Plaintiff's claim documents by Defendants as June 3, 2014), a hail storm and/or windstorm struck Tom Green County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiff's Properties ("the Storm"). Specifically, Plaintiff's roofs sustained extensive damage during the Storm. Water intrusion through the roofs caused significant damage throughout the Properties including, but not limited to, the Properties' ceilings, walls, insulation, and flooring. Plaintiff's Properties also sustained substantial structural and exterior damage during the Storm including, but not limited to, their windows, siding, and porches. Immediately after the Storm, Plaintiff filed a claim with her insurance company, ACE, for the damages to her Properties caused by the Storm.

19.   Plaintiff submitted a claim to ACE against the Policy for Other Structure Damage, Roof Damage, Structural Damage, Water Damage, and Wind Damage the Properties sustained as a result of the Storm.

20.   Plaintiff asked that ACE cover the cost of repairs, including, but not limited to, repair and/or replacement of the roof and repair of the interior water damage to the Properties, pursuant to the Policy.

21.   Defendant ACE assigned Defendant TAPCO to oversee many aspects of Plaintiff's claim. TAPCO was responsible for making policies on adjusting insurance claims and assigning vendors that were retained to adjust the claim. TAPCO and/or ACE then assigned Defendant VeriClaim to adjust the claim. VeriClaim and/or TAPCO and/or ACE assigned Defendants Lindsey and Halacheff as the individual adjusters on the claim. The adjusters assigned to Plaintiff's claim were improperly trained and failed to perform a thorough investigation of the claim. On or about June 18, 2014, Lindsey conducted substandard inspections of Plaintiff's Properties. For example, Lindsey spent a mere twenty (20) minutes inspecting each of Plaintiff's Properties for hail storm and/or windstorm damages. Furthermore, Lindsey failed to inspect the interiors of two (2) of the Properties for damages. The inadequacy of Lindsey's inspection is further evidenced by his report dated July 18, 2014, a month after his inspection, which failed to include all of Plaintiff's Storm damages noted upon inspection. For example, Lindsey failed to include many of the damages to the 9590 State Hwy. 208 property's roof and interior in his report. Moreover, the damages that Lindsey actually included in his report were grossly undervalued, in part because he both underestimated and undervalued the cost of materials required for necessary repairs, incorrectly applied material sales tax, and failed

to include contractor's overhead and profit.   Moreover, Lindsey corresponded with Plaintiff regarding her claim in letters dated September 3, 2014 in which he denies Plaintiff's claim for damages to two (2) of the properties but fails to give Plaintiff a reasonable explanation.   Ultimately, Lindsey's estimate did not allow adequate funds to cover the cost of repairs to all the damages sustained.   Lindsey's inadequate investigation was relied upon by ACE, TAPCO, VeriClaim, and Halacheff in this action and resulted in Plaintiff's claim being undervalued and underpaid.

22.   Defendant Halacheff also actively participated in the investigation of Plaintiff's claim but failed to conduct a reasonable investigation.   Specifically, she communicated with Plaintiff by telephone regarding her claim and/or reviewed reports, documents and information regarding the claim.   Ultimately, Halacheff failed to thoroughly review Lindsey's assessment of the claim and ultimately approved and/or submitted an inaccurate report of the damages.

23.   Defendants ACE's, TAPCO's, and VeriClaim's personnel failed to thoroughly review and properly oversee the work of their assigned adjusters, including Defendants Lindsey and Halacheff, ultimately approving an improper adjustment and an inadequate, unfair settlement of Plaintiff's claim.   As a result of this unreasonable investigation, Plaintiff was considerably underpaid on her claim and has suffered damages.

24.   Together, Defendants ACE, TAPCO, VeriClaim, Lindsey, and Halacheff set out to deny and/or underpay on properly covered damages.   As a result of this unreasonable investigation, including the under-scoping of Plaintiff's Storm damages during the investigation and failure to provide full coverage for the damages sustained, Plaintiff's claim was improperly adjusted, and she was denied adequate and sufficient payment to

repair her Properties. The mishandling of Plaintiff's claim has also caused a delay in her ability to fully repair her Properties, which has resulted in additional damages. To date, Plaintiff has yet to receive the full payment to which she is entitled under the Policy.

25.   As detailed in the paragraphs below, ACE wrongfully denied Plaintiff's claim for repairs of the Properties, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, ACE underpaid some of Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

26.   To date, ACE continues to delay in the payment for the damages to the Properties. As such, Plaintiff has not been paid in full for the damages to her Properties.

27.   Defendant ACE failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. ACE's conduct constitutes a breach of the insurance contract between ACE and Plaintiff.

28.   Defendants ACE, TAPCO, VeriClaim, Lindsey, and Halacheff misrepresented to Plaintiff that the damage to the Properties was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants ACE's, TAPCO's, VeriClaim's, Lindsey's, and Halacheff's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

29.   Defendants ACE, TAPCO, VeriClaim, Lindsey, and Halacheff failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to

Plaintiff under the Policy. Defendants ACE's, TAPCO's, VeriClaim's, Lindsey's, and Halacheff's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

30.     Defendants ACE, TAPCO, VeriClaim, Lindsey, and Halacheff failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants ACE, TAPCO, VeriClaim, Lindsey, and Halacheff failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants ACE, TAPCO, VeriClaim, Lindsey, and Halacheff did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants ACE's, TAPCO's, VeriClaim's, Lindsey's, and Halacheff's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

31.     Defendants ACE, TAPCO, VeriClaim, Lindsey, and Halacheff failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants ACE, TAPCO, VeriClaim, Lindsey, and Halacheff. Defendants ACE's, TAPCO's, VeriClaim's, Lindsey's, and Halacheff's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

32.     Defendants ACE, TAPCO, VeriClaim, Lindsey and Halacheff refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants ACE, TAPCO, VeriClaim, Lindsey, and Halacheff failed to conduct a reasonable investigation.

Specifically, Defendants ACE, TAPCO, VeriClaim, Lindsey, and Halacheff performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Properties. Defendants ACE's, TAPCO's, VeriClaim's, Lindsey's, and Halacheff's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

33.     Defendant ACE failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. ACE's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

34.     Defendant ACE failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. ACE's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

35.     Defendant ACE failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for her claim. ACE's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

36.     From and after the time Plaintiff's claim was presented to Defendant ACE, the liability of ACE to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, ACE has refused to pay Plaintiff in full, despite there being no basis

whatsoever on which a reasonable insurance company would have relied to deny the full payment. ACE's conduct constitutes a breach of the common law duty of good faith and fair dealing.

37. Defendants ACE, TAPCO, VeriClaim, Lindsey, and Halacheff knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

38. As a result of Defendants ACE's, TAPCO's, VeriClaim's, Lindsey's, Halacheff's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing her with respect to these causes of action.

39. Plaintiff's experience is not an isolated case. The acts and omissions ACE committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of ACE with regard to handling these types of claims. ACE's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST LINDSEY AND HALACHEFF

#### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

40. Defendants ACE, TAPCO and/or VeriClaim assigned Defendants Lindsey and Halacheff to adjust the claim. Defendants Lindsey and Halacheff were improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiff's damages. During their investigation, the adjusters failed to properly assess Plaintiff's Storm damages. The adjusters also omitted covered damages from their reports, including many of Plaintiff's roof and interior damages. In addition, the damages that the adjusters did

include in the estimate were severely underestimated.

41.   Defendants Lindsey's and Halacheff's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

42.   Defendants Lindsey and Halacheff are each individually liable for their unfair and deceptive acts, irrespective of the fact each was acting on behalf of ACE, because each is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added); *see also Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability).

43.   Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received. Defendants

Lindsey's and Halacheff's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

44. Defendants Lindsey's and Halacheff's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

45. Defendants Lindsey and Halacheff failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation without any explanation as to why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. The unfair settlement practice of Defendants Lindsey and Halacheff as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

46. Defendants Lindsey's and Halacheff's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and

an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

47.     Defendants Lindsey and Halacheff did not properly inspect the Properties and failed to account for and/or undervalued many of Plaintiff's exterior and interior damages, although reported by Plaintiff to ACE. Defendants Lindsey's and Halacheff's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### CAUSES OF ACTION AGAINST DEFENDANTS TAPCO AND VERICLAIM

#### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

48.     Defendants TAPCO's and VeriClaim's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

49.     Defendants TAPCO's and VeriClaim's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

50.     Defendants TAPCO's and VeriClaim's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

51. Defendants TAPCO's and VeriClaim's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS CODE §541.060(a)(3).

52. Defendants TAPCO's and VeriClaim's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

53. Defendants TAPCO's and VeriClaim's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(A)(7).

### CAUSES OF ACTION AGAINST ALL DEFENDANTS

54. Plaintiffs are not making any claims for relief under federal law.

### FRAUD

55. Defendants ACE, TAPCO, VeriClaim, Lindsey, and Halacheff are liable to Plaintiff for common law fraud.

56. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as they did, and which Defendants ACE, TAPCO, VeriClaim, Lindsey, and Halacheff knew were false or made recklessly without any knowledge of their truth as a positive assertion.

57. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

## CONSPIRACY TO COMMIT FRAUD

58. Defendants ACE, TAPCO, VeriClaim, Lindsey, and Halacheff are liable to Plaintiff for conspiracy to commit fraud. Defendants ACE, TAPCO, VeriClaim, Lindsey, and Halacheff were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, Defendants ACE, TAPCO, VeriClaim, Lindsey, and Halacheff committed an unlawful, overt act to further the object or course of action. Plaintiff suffered injury as a proximate result.

## CAUSES OF ACTION AGAINST ACE ONLY

59. Defendant ACE is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

## BREACH OF CONTRACT

60. Defendant ACE's conduct constitutes a breach of the insurance contract made between ACE and Plaintiff.

61. Defendant ACE's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of ACE's insurance contract with Plaintiff.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

62.     Defendant ACE's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

63.     Defendant ACE's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

64.     Defendant ACE's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though ACE's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

65.     Defendant ACE's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

66.     Defendant ACE's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

67.    Defendant ACE's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

68.    Defendant ACE's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

69.    Defendant ACE's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

70.    Defendant ACE's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

71.    Defendant ACE's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### ACTS CONSTITUTING ACTING AS AGENT

72.    As referenced and described above, and further conduct throughout this litigation and lawsuit, TAPCO, VeriClaim, Lindsey, and Halacheff are agents of ACE based on their

acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. Tex. Ins. Code §4001.051.

73.     Separately, and/or in the alternative, as referenced and described above, ACE ratified the actions and conduct of TAPCO, VeriClaim, Lindsey, and Halacheff including the completion of their duties under the common law and statutory law.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

74.     Defendant ACE's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

75.     Defendant ACE's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, ACE knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### KNOWLEDGE

76.     Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

### DAMAGES

77.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

78.     As previously mentioned, the damages caused by the Storm have not been properly addressed or repaired in the months since the Storm, causing further damages to the Properties, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendants ACE's, TAPCO's, VeriClaim's, Lindsey's, and Halacheff's

mishandling of Plaintiff's claim in violation of the laws set forth above.

79.     For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of her claim, together with attorney's fees.

80.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times her actual damages. TEX. INS. CODE §541.152.

81.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

82.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

83.     For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

84.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the

Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

85.    Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Tom Green County, Texas.  Plaintiff hereby tenders the appropriate jury fee.

## WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURE

86.    *Plaintiff's Request for Disclosure to Defendant ACE European Group Limited* is attached as "Exhibit A."  *Plaintiff's Request for Disclosure to Defendant TAPCO Underwriters, Inc.* is attached as "Exhibit A-1."  *Plaintiff's Request for Disclosure to Defendant VeriClaim, Inc.* is attached as "Exhibit A-2."  *Plaintiff's Request for Disclosure to Defendant Jimmy Lindsey* is attached as "Exhibit A-3."  *Plaintiff's Request for Disclosure to Defendant Jennifer S. Halacheff* is attached as "Exhibit A-4."

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recovers such sums as would reasonably and justly compensate her in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on her behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which she may show herself justly entitled.

Respectfully submitted,

**MOSTYN LAW**


*/s/ Michael R. Ramsey*
Michael R. Ramsey
State Bar No. 16520200
mrrdocketefile@mostynlaw.com
6280 Delaware
Beaumont, Texas 77706
(409) 832-2777 (Office)
(409) 832-2703 (Facsimile)

**ATTORNEY FOR PLAINTIFF**